## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| **NFUSION CAPITAL FINANCE, LLC, a Texas Limited Liability Company** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.:  1:24-cv-00018-CMR** |
| | § | |
| **WALT USA, LLC, a Utah Limited Liability Company,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**COMES NOW** Plaintiff, nFusion Capital Finance, LLC, a Texas Limited Liability Company ("nFusion" or "Plaintiff"), by and through the undersigned counsel, and files this Motion for Default Judgment, against Defendant Walt USA, LLC, a Utah Limited Liability Company ("Walt" or "Defendant"), on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk has entered default, and in support thereof, would show the Court the following:

# I.   SUMMARY

Defendant Walt USA, LLC, a Utah limited Liability Company ("Walt"), entered into an agreement for services with non-party Pickett Hosiery Mills, Inc. ("Pickett"), but failed to make payment as agreed to Plaintiff as Pickett's assignee of payment rights. Plaintiff demanded payment from Walt. However, Defendant has refused to make payment in compliance with the agreement. As a result, Plaintiff has asserted claims against Defendant for breach of contract. Defendant Walt has not filed an answer or other responsive pleading, and the Clerk has entered default. As a result, Plaintiff is entitled to default judgment for the reasons set forth below.

# II.   FACTUAL BACKGROUND

The following facts are undisputed, and supported by Plaintiff's allegations, which are deemed admitted by Defendant's default. nFusion is a private finance company that offers commercial loans and factoring services.[1] Factoring involves the purchase of accounts receivable ("Accounts") at a discount from businesses.[2] "Factoring is a form of financing where one business, the factoring client, sells its right to receive payment for goods sold or services rendered to customers, called account debtors, at a discounted price to another business, referred to as the factor."[3] The most well-known document evidencing an Account is an invoice.[4] Within the factoring framework, there are three primary parties: (1) the "factor" or "purchaser," which is the entity that purchases the Accounts; (2) the "factoring client" or "seller," which is the entity from

---

[1] *See* Plaintiff's Original Complaint at ¶ 6.
[2] *Id.*
[3] *New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, No. H-09-2060, 2011 WL 918380, at *6 (S.D. Tex. Mar. 11, 2011). *See generally* Exh. A to Plaintiff's Original Petition, nFusion Agreement ("Factoring Agreement") between nFusion and Pickett.
[4] *Id.*

whom the Factor purchases the Accounts; and (3) the "account debtor," which is the party that owes payment on the Account.[5]

     ***Factoring Relationship between nFusion and Pickett Hosiery Mills, Inc..*** On or about September 22, 2022, nFusion entered into that one certain factoring agreement (the "Factoring Agreement") with Pickett Hosiery Mills, Inc. ("Pickett"), the factoring client.[6] A true and correct copy of the Factoring Agreement is attached to Plaintiff's Original Complaint as **Exhibit A** and is incorporated by reference as though fully set forth herein.

     ***Agreement Between Pickett and Walt.*** Defendant Walt and Pickett entered into an agreement ("Pickett Agreement") pursuant to which non-party Pickett would provide products to Walt, in exchange for specified charges.[7] Walt and Pickett memorialized their agreement in writing through purchase orders, completion confirmations, and issued invoices (collectively, the "Pickett Agreement").[8]

     ***Purchase of Accounts by Plaintiff.*** Under the terms of the Factoring Agreement, Pickett requested that nFusion purchase, and nFusion in fact purchased, numerous Pickett invoices reflecting amounts due from Walt for products that Pickett supplied to Walt on or about August 4, 2023, to September 29, 2023 (the "Walt Accounts").[9] The total principal amount due from Walt for the Walt Accounts is $88,148.37.[10] A true and correct copy of the invoices comprising the Walt Accounts is attached to Plaintiff's Original Complaint as **Exhibit C** and incorporated by reference as though fully set forth herein.

---

[5] *See* Plaintiff's Original Complaint at ¶ 6.
[6] *See id*. at ¶ 8. *See also* Exh. A to Plaintiff's Original Complaint ("Factoring Agreement").
[7] *See id*. at ¶ 13. *See also* Exh. C to Plaintiff's Original Complaint ("Factoring Agreement").
[8] *See id.*
[9] *See id*. at ¶ 15.
[10] *See id*. at ¶ 16.

***Notice of Assignment to Walt.*** nFusion sent to Walt a notice of the assignment of Pickett Accounts (the "Notice of Assignment").[11] The Notice of Assignment specified that Pickett has assigned all of its present and future accounts to nFusion.[12] The Notice of Assignment instructed Walt to direct all payment on Pickett invoices to nFusion.[13] A true and correct copy of the Factoring Agreement is attached to Plaintiff's Original Complaint as **Exhibit B** and is incorporated by reference as though fully set forth herein.

***Performance by Pickett.*** Pickett performed its obligations under the Pickett Agreement, and satisfied all conditions precedent to payment by Walt.[14] The Walt Accounts accurately reflect amounts due from Walt for Pickett products and related charges supplied to, or incurred for the benefit of, Walt.[15]

### III.    LEGAL STANDARD

#### A.  Default Judgment Standard

Once the clerk has entered the entry of default, a plaintiff can seek entry of a final default judgment pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 55-1(a).

Pursuant to Rule 55(b), courts may enter final default judgment after determining that doing so is appropriate under the circumstances. In doing so, courts must also assess the pleadings to determine that the operative pleading provides sufficient basis to enter default judgment, *i.e.,* the complaint must satisfy the pleading requirements of the Federal Rules of Civil Procedure.[16]

---

[11] *See id*. at ¶ 11.
[12] *See id.*
[13] *See id.*
[14] *See id*. at ¶ 22
[15] *See id.*
[16] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("There must be a sufficient basis in the pleadings for the judgment entered." (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

And as long as the complaint satisfies the minimum pleading standard, "the entry of a default judgment is committed to the sound discretion of the district court."[17]

## IV.    ARGUMENTS AND AUTHORITIES

### A.  nFusion is Entitled to Default Judgment on its Breach of Contract Claim against Walt USA, LLC

Plaintiff is entitled to default judgment on its breach of contract claim against Defendant.  Under Utah law, a plaintiff alleging breach of contract must show: (1) Plaintiff (as assignee) and Defendant Walt  ("Contracting Defendant") entered into a contract; (2) Pickett (as assignor) performed its contractual obligations; (3) Contracting Defendant breached the contract; and (4) the breach by Contracting Defendant injured Plaintiff as assignee.[18]

Here, Plaintiff's allegations are sufficient to support default judgment. Regarding the first element, there is no issue of material fact that Plaintiff (as assignee) and Contracting Defendant entered into valid and binding contracts, namely, the Pickett Agreement.[19]

Pickett, as assignor of payment rights, performed under the contract by providing products and related services pursuant to the terms of the Pickett Agreement.[20] In turn, Contracting Defendant breached the Pickett Agreement by failing to make payments to Plaintiff as described in the Pickett Agreement.[21] After all offsets, credits and payments, the outstanding balance is $88,148.37.[22]

In short, Plaintiff's allegations establish Plaintiff's breach of contract claim against Walt. Defendant Walt entered into a valid and enforceable agreement. Pickett, as assignor, fulfilled its obligations under the Pickett Agreement. Walt failed to meet its payment obligations to Plaintiff

---

[17] *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).
[18] *See, e.g., Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014).
[19] *See* Complaint at ¶¶ 14 & 15; *see also* Wood Declaration at ¶¶ 7-8, and Factoring Agreement.
[20] *See* Plaintiff's Original Complaint at ¶¶ 25-27.
[21] *See id*.
[22] *See id*.

under the Pickett Agreement, pursuant to the assignment of payment rights by Pickett, thus causing damage to Plaintiff. Therefore, as a matter of law, Plaintiff is entitled to default judgment on its breach of contract claim against Walt.

## V.    CONCLUSION

Plaintiff, nFusion Capital Finance, LLC, a Texas Limited Liability Company, prays that it has judgment against Defendant Walt USA, LLC, a Utah Limited Liability Company, and severally, as follows:

A. After all offsets, credits and payments, the sum of $88,147.38, with pre-judgment interest accruing at the rate of 5% per annum from January 31, 2024, until the date of judgment;

B. Post-judgment interest on the total amount of the judgment at the highest rate allowed by law or in equity, from the date of judgment until paid, save and except that portion of the judgment awarded in respect of attorney's fees in the event of a motion for new trial, an appeal, and/or a petition for review;

C. All writs and processes necessary for the enforcement of this judgment;

D. All costs of court expended by Plaintiff; and

E. Such other and further relief, special or general, legal or equitable, to which Plaintiff may be shown justly entitled to receive.

DATED: July 23, 2024

Respectfully submitted,

**SPENCER FANE LLP**

_/s/ Scott Sandberg_
By:  Scott Sandberg
Scott Sandberg (7979)
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000 Denver, Colorado 80203
(303) 839-3800 (phone)
(303) 839-3838 (fax)
ssandberg@spencerfane.com

6

**Attorneys for Plaintiff**

**Certificate of Service**

      I hereby certify that on July 23, 2024, a true and correct copy of the foregoing document was served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure.

***Via CM/RRR and Regular Mail***
Walt USA, LLC
c/o Intermountain Registered Agents, LLC
40 West Cache Valley Blvd., Ste 9A
Logan, UT 84341

                               */s/ Scott Sandberg*
                               **Scott Sandberg**