UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NFUSION CAPITAL FINANCE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**WALT USA, LLC,**<br><br>Defendant. | **MEMORANDUM DECISION & ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR SUMMARY JUDGMENT**<br><br>Civil No. 1:24-cv-00018-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on the Motion for Summary Judgment and, Alternatively, for Dismissal filed by Defendant Walt USA, LLC ("Walt")[1] and the Amended Motion for Summary Judgment filed by Plaintiff nFusion Capital Finance, LLC ("nFusion").[2] The Court did not hear oral argument. For the reasons below, the Court will deny both Motions without prejudice. Pursuant to Walt's Rule 56(d) request, the Court will reopen fact discovery for both parties.

**BACKGROUND**[3]

On September 22, 2022, Plaintiff nFusion and nonparty Pickett Hosiery Mills, Inc. ("Pickett") entered into an Account Purchase and Security Agreement ("Factoring Agreement")

---

[1] ECF No. 25, filed August 29, 2025.
[2] ECF No. 28, filed October 10, 2025.
[3] This background is given for the purpose of contextualizing the instant Motions. The information herein is taken from nFusion's Complaint, Walt's Answer, and the briefing for the Motions at issue. *See* ECF Nos. 1, 18, 25–26. The Court makes no assumptions as to the truth of any allegations.

1

under which nFusion agreed to purchase eligible Accounts from Pickett under an agreed-upon formula.[4] Defendant Walt had entered into a separate agreement with Pickett pursuant to which Pickett would provide products to Walt in exchange for specified charges.[5] nFusion sent to Walt a Notice of Assignment ("Notice") specifying that Pickett had assigned all of its present and future accounts to nFusion and instructing Walt to direct all payment on Pickett invoices to nFusion.[6] Walt admits that it received this Notice "at some point in time."[7]

nFusion alleges that under the terms of the Factoring Agreement, Pickett requested that nFusion purchase, and nFusion in fact purchased, numerous Pickett invoices reflecting amounts due from Walt for products that Pickett supplied to Walt from around August 4, 2023 to September 29, 2023.[8] nFusion further alleges that the principal amount due from Walt for the Walt Accounts is $122,943.03.[9] Walt contends that it paid Pickett for what was owed.[10]

On January 31, 2024, Plaintiff initiated the instant action.[11] On July 5, 2024, the Clerk of the Court entered a default certificate as to Walt.[12] However, on October 15, 2024, the Court set aside the default certificate based on the parties' stipulation.[13] On February 10, 2025, the Court entered a Scheduling Order setting forth the following relevant deadlines: February 5, 2025 for Rule 26(a)(1) Initial Disclosures and July 22, 2025 for the close of fact discovery.[14]

---

[4] ECF No. 1 ¶ 8; *see id*. Ex. A.
[5] *Id*. ¶ 13.
[6] *Id*. ¶ 11; *see id*. Ex. B.
[7] ECF No. 18 ¶ 11.
[8] ECF No. 1 ¶ 15.
[9] *Id*. ¶ 16.
[10] ECF No. 18 at 6.
[11] ECF No. 1.
[12] ECF No. 9.
[13] ECF No. 16.
[14] ECF No. 24.

It appears that neither party served initial disclosures.[15] After fact discovery had closed, on August 29, 2025, Walt filed its Motion for Summary Judgment or, Alternatively, for Dismissal seeking exclusion of all of nFusion's evidence.[16] nFusion filed its response on September 26, 2025,[17] to which Walt replied on October 10, 2025.[18] Also on October 10, 2025, nFusion filed its Amended Motion for Summary Judgment.[19] Walt filed its response on November 14, 2025,[20] and nFusion filed its reply on December 12, 2025.[21]

## DISCUSSION

**A.     Rule 37 Sanctions**

Federal Rule of Civil Procedure Rule 26(a) governs initial disclosures and mandates parties to, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court" and "without awaiting a discovery request, provide to the other parties" information regarding witnesses and documents "that the disclosing party may use to support its claims or defenses," as well as a computation of damages. Rule 37(c)(1) then provides that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> . . .
> (C) may impose other appropriate sanctions listed in Rule 37(b)(2)(A)(i)–(iv).

---

[15] *See* ECF No. 25; ECF No. 26 at 10.
[16] ECF No. 25.
[17] ECF No. 26.
[18] ECF No. 29.
[19] ECF No. 28. nFusion's Amended Motion for Summary Judgment appears to correct typographical errors in the Motion for Summary Judgment it filed that same day. *See* ECF No. 27. Otherwise, the Amended Motion appears identical to the initial Motion for Summary Judgment. The Court thus considers the Amended Motion here.
[20] ECF No. 32.
[21] ECF No. 38.

"[E]videntiary sanctions available for nondisclosure under Rule 37(c) 'are often described as self-executing or automatic.'"[22] However, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[23] A court's discretion should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[24]

"Federal Rule of Civil Procedure 37(b)(2) becomes relevant 'where the exclusion of evidence carries the force and effect of dismissal.'"[25] While Rule 37(b)(2) allows district courts to "dismiss[] the action or proceeding in whole or in part[,]" a court should consider the *Ehrenhaus* factors before imposing the extreme sanction of dismissal.[26] Those factors are as follows:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[27]

Dismissal under Rule 37(b)(2) should "be used as a weapon of last, rather than first, resort,"[28] and "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to

---

[22] *Garner v. Cincinnati Ins. Co.*, No. 2:24-cv-00378, 2025 WL 3088945, at *4 n.42 (D. Utah Nov. 5, 2025) (citation modified) (quoting *O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 931 (D. Colo. 2017)).
[23] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[24] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc.*, 170 F.3d at 993).
[25] *Burgi v. Fitness*, No. 2:19-cv-00151-CMR, 2021 WL 734948, at *3 (D. Utah Feb. 25, 2021) (quoting *HCG Platinum, LLC*, 873 F.3d at 1203).
[26] *See HCG Platinum, LLC*, 873 F.3d at 1203.
[27] *Id.* (alterations in original) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992)).
[28] *Id.* at 1204 (quoting *Ehrenhaus*, 965 F.2d at 920).

resolve cases on their merits is dismissal an appropriate sanction."[29] Courts should thus "carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile."[30]

In the instant matter, both parties have been derelict in complying with their obligations under the Federal Rules of Civil Procedure, the Local Rules, and the Scheduling Order. Neither party served initial disclosures. Indeed, it does not appear that either party has attempted to participate in discovery to any degree. Now, fact discovery has closed, and each party seeks to exclude the evidence of the other based on their shared failure to follow the rules and participate in this litigation.

Turning to Walt's request for exclusion of nFusion's evidence, Walt asks the Court to, pursuant to Rule 37, prevent nFusion from presenting any evidence. Such a sanction would carry the force and effect of dismissal, as nFusion would be unable to prove its claim. nFusion counters that its failure to provide initial disclosures was harmless due to its attaching "all documentation it had to produce in initial disclosures" to its Complaint.[31] Walt then argues that the Court should, if it allows nFusion to use the exhibits attached to the Complaint, limit nFusion to only that evidence.[32] Such a sanction would, however, also carry with it the force and effect of

---

[29] *Ehrenhaus*, 965 F.2d at 921.
[30] *HCG Platinum, LLC*, 873 F.3d at 1206.
[31] ECF No. 26 at 11.
[32] In doing so, the affidavit of Amity Mercado that nFusion uses in support of its Motion for Summary Judgment would be excluded, as nFusion did not disclose Ms. Mercado as a witness. Although Ms. Mercado signed one of the exhibits attached to the Complaint, by simply going through the documents, it would be difficult for Walt to anticipate which individuals, out of the several names found therein, nFusion planned to use as witnesses and what topics those individuals might have information on so that Walt could adequately plan its discovery strategies. This highlights the very significance of Rule 26 disclosures.

dismissal. At present, it appears the primary dispute in this case is when Walt received notice of the accounts receivable assignment. Pursuant to Utah Code Ann. § 70A-9a-406,

> an account debtor on an account . . . may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Walt admits it received the Notice, which is attached to nFusion's Complaint as Exhibit B,[33] "at some point in time."[34] When that time was, however, cannot be determined from nFusion's three documents alone. The Notice itself is not dated, and nFusion did not attach to its Complaint any evidence indicating when the Notice was mailed or received. Thus, with only the three documents alone, nFusion cannot provide sufficient evidence from which a jury could reasonably determine that Walt had notice at the time it paid Pickett, the assignor, instead of nFusion for the amounts owed on the invoices. Because the exclusion of evidence here would carry the force and effect of dismissal, the Court will first look to the *Ehrenhaus* factors.

     Whether the first *Ehrenhaus* factor—the degree of actual prejudice to the other party— weighs in favor of dismissal is complicated given the circumstances of this case. nFusion contends that all the evidence it intended to produce was attached to its Complaint, and indeed, the three documentary exhibits nFusion uses to support its Motion for Summary Judgment were attached as exhibits to the Complaint. It also appears that Walt likely had possession of at least two of these exhibits even prior to when this litigation began—Exhibit 2 consists of Pickett's sale orders to Walt and Exhibit 3 is a Notice that Walt admitted it received "at some point in

---

[33] ECF No. 1, Ex. B.
[34] ECF No. 18 ¶ 11.

time."[35] In addition to the documents themselves, nFusion submits an affidavit of Amity Mercado in support of its Motion for Summary Judgment, but while Ms. Mercado did sign one of the attached exhibits,[36] she was not properly disclosed as a witness.

      nFusion's failure to disclose this information as required under Rule 26 undoubtedly prejudiced Walt to a degree, but this prejudice is undermined by Walt's own lack of diligence. Unlike in *Parent 1 Mother v. Park City School District*, No. 2:22-cv-00444-DAK-JCB, 2025 WL 961525 (D. Utah Mar. 31, 2025), where the defendant diligently attempted to engage in discovery and incurred substantial attorney fees doing so despite the plaintiffs' non-responsiveness and other efforts to thwart that process,[37] Walt did not serve its own initial disclosures. Walt did not seemingly make any discovery requests. Walt did not seek this Court to compel nFusion's disclosures. And it does not seem that Walt ever attempted to reach out to nFusion inquiring about the failure to serve initial disclosures. Walt attempts to excuse itself by arguing that it does not bear the burden of proof in this case. But not bearing the burden of proof does not excuse Walt from, at the very least, serving its own initial disclosures—Rule 26(a)(1)(E) provides, "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenged the sufficiency of another party's disclosures or because another party has not made its disclosures." Rather, it appears that Walt, despite having some evidence attached to the Complaint that could have guided its discovery efforts to a degree, sat back and waited for fact discovery to close so that it could move to exclude all of nFusion's evidence and thereby obtain a dismissal. The Court is not inclined to reward this apparent gamesmanship. Thus, overall, the degree of actual prejudice factor is neutral.

---

[35] *Id*.
[36] ECF No. 1, Ex. B; ECF No. 28, Ex. A-3.
[37] *See Parent 1 Mother*, 2025 WL 961525, at *4.

The second factor—the amount of interference with the judicial process—leans in favor of dismissal. "A party interferes with the judicial process when it fails to abide by discovery orders."[38] Here, nFusion failed to serve its initial disclosures as required by the Scheduling Order and thereby failed to abide by discovery orders. Nonetheless, it should be noted that Walt's strategic choice to wait until fact discovery had closed to file its Motion seeking extreme sanctions rather than to file earlier any discovery motions related to the failure to serve initial disclosures or to even notify nFusion of its failure has also put the parties and the Court in a difficult position. "When challenges are brought in a timely fashion, the parties can meet and confer in an effort to reach a solution. The court can guide the parties' actions . . . Remedies can be ordered. And offending parties can defend their conduct or correct course."[39] Here, Walt's choice has denied everyone the benefit of the discovery dispute process, and such conduct also interferes with the judicial process.

The third factor—the culpability of the litigant—weighs against dismissal under the present circumstances. While nFusion is certainly culpable of neglect, this neglect does not appear to amount to bad faith or willfulness. "Conduct amounts to bad faith if it shows intentional or reckless disregard of the rules."[40] In *Parent 1 Mother*, for example, the court found that "Plaintiffs showed a reckless disregard of the rules of discovery by failing to provide initial disclosures, despite being reminded of its obligations on multiple occasions, and failing to respond to the [Defendant's] discovery requests."[41] In *Burgi*, the plaintiff's counsel "was not forthcoming with the court about his communications with Defendant's counsel" and appeared to

---

[38] *Celtig v. Patey*, No. 2:17-cv-01086-JNP-EJF, 2019 WL 4563887, at *6 (D. Utah Aug. 19, 2019) (citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)).
[39] *Emuveyan v. Ewing*, No. 2:19-cv-00616, 2022 WL 1422255, at *9 (D. Utah May 5, 2022).
[40] *Parent 1 Mother*, 2025 WL 961525, at *6.
[41] *Id*.

be intentionally attempting to obfuscate the issue of the failure to provide initial disclosures.[42] Here, nFusion admitted that it failed to serve its initial disclosures, and unlike in *Parent 1 Mother*, that nFusion was willful in its failure to do so is not so apparent. It seems nFusion believed it could rely on the exhibits attached to its Complaint and did not need other evidence. And it does not appear that Walt ever asked nFusion for the disclosures, and Walt did not serve its own initial disclosures. Thus, the information before the Court is insufficient to support a finding that nFusion acted in bad faith, and this factor weighs against dismissal.

The fourth *Ehrenhaus* factor— whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance—also weighs against dismissal. This Court has not had opportunity to clearly issue such a warning to nFusion.

As for the fifth factor—the efficacy of lesser sanctions—it is not clear that any sanctions are warranted at this time, and thus this factor weighs against dismissal. Exclusion under Rule 37(c) is not appropriate if the Rule 26 violation was substantially justified or harmless.[43] nFusion does not make any real attempt to justify its failure to make initial disclosures, other than to say that it was merely an oversight. Thus, it cannot be said that nFusion's Rule 26 violation was substantially justified. However, given the circumstances and what the parties request here, it cannot yet be said that this failure to disclose was harmful. First, although both parties have failed to act diligently, neither party has established that the other acted in bad faith. Furthermore, Walt, in its Opposition to nFusion's Motion for Summary Judgment, asks the Court to defer ruling on the summary judgment motions in order to reopen discovery. nFusion seems to agree that this would be the appropriate path for the Court to take. Thus, while both parties have

---

[42] *Burgi*, 2021 WL 734948, at *5.
[43] *See* Fed. R. Civ. P. 37(c).

experienced prejudice from each other's failures, it appears that both parties may have opportunity to cure their Rule 26 violations, which would render the violations harmless. Exclusionary sanctions are, therefore, premature and would not serve a meaningful purpose at this juncture.

Overall, in weighing the *Ehrenhaus* factors, the Court finds that dismissal is, presently, too severe a sanction. Furthermore, as it cannot yet be said that the parties' failures to provide initial disclosures were harmful, the Court declines to exercise its discretion to impose any sanctions at this time. If either party continues to neglect its obligations under the rules, either party may seek sanctions in the future.

**B.      Rule 41(b) Dismissal for Failure to Prosecute**

Walt also asks the Court to dismiss this case pursuant to Rule 41(b). "Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order."[44] Courts have considerable discretion in dismissing for failure to prosecute[45] but must consider the *Ehrenhaus* factors in doing so if the dismissal is with prejudice.[46] To reiterate, those factors are as follows:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[47]

---

[44] *Banks v. Katzenmeyer*, 680 F. App'x 721, 723–24 (10th Cir. 2017) (unpublished) (citation modified).
[45] *See AdvantEdge Bus. Gr. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").
[46] *Banks*, 680 F. App'x at 724. Walt fashions its requests for dismissal as seeking summary judgment, which the Court construes as seeking dismissal with prejudice.
[47] *HCG Platinum, LLC*, 873 F.3d at 1203 (citing *Ehrenhaus*, 965 F.2d at 920–21).

As discussed in the previous section, the *Ehrenhaus* factors do not support dismissal at this time. The Court thus declines to dismiss this action for failure to prosecute. However, nFusion is warned that if it fails to diligently prosecute this action going forward, the action may be subject to dismissal.

C.     **Rule 56 Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[48] Relatedly, Federal Rule of Civil Procedure 56(d) provides that "if the opposing party 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition' to the motion for summary judgment, the court can defer or deny the motion, or allow time for discovery."[49] "The general principle of Rule 56[(d)] is that 'summary judgment [should] be refused when the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[50] "The decision to grant a Rule 56(d) motion is within the trial court's discretion."[51] "[A] non-movant requesting additional discovery under Rule 56(d) must specify" the following: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[52]

---

[48] Fed. R. Civ. P. 56(a).
[49] *Aragon v. Collings*, No. 2:18-cv-00620, 2022 WL 1693785, at *2 (D. Utah Apr. 25, 2022) (quoting Fed. R. Civ. P. 56(d)).
[50] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).
[51] *Millrock Inv. Fund 1, LLC v. Healthcare Sols. Mgmt. Grp., Inc.*, No. 2:23-cv-00157-RJS-DAO, 2024 WL 5057654, at *2 (D. Utah Dec. 10, 2024).
[52] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (citation modified).

"[R]elief under Rule 56(d) is not automatic[,]" but "[r]equests for further discovery should ordinarily be treated liberally."[53]

Both parties have attempted to move for summary judgment against the other, and in doing so, it seems both parties have come to regret their failures to diligently engage in discovery. Walt, in its Opposition to nFusion's Motion for Summary Judgment, asks the Court to defer ruling on the summary judgment motions and to reopen discovery. Under DUCivR 7-1(a)(3), "[a] party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed." However, the Tenth Circuit has stated that, at least in the context of Rule 56(d), any rule requiring a separate motion is inconsistent with the federal rule, which "expressly specifies that, when you think summary judgment is premature and should wait for additional discovery, you may present an 'affidavit or declaration' to register the point."[54] Here, Walt has submitted the affidavit of Mr. Cutler.[55] Thus, it appears that, according to the Federal Rules of Civil Procedure, Walt's request is properly before the Court despite not being raised in a separate motion.

Mr. Cutler's affidavit sets forth that, due to nFusion's failure to produce initial disclosures, Walt did not have opportunity to engage in discovery related to the evidence nFusion uses to support its Motion for Summary Judgment.[56] Walt was, for example, unable to depose Ms. Mercado, upon whose affidavit nFusion relies.[57] Additional time would allow Walt to take the needed discovery. Significantly, nFusion seems to agree that reopening discovery

---

[53] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021).
[54] *Energy & Env't Legal Inst. v. Epel*, 793 F.3d 1169, 1176 (10th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)).
[55] ECF No. 32, Ex. 3.
[56] *Id.* ¶ 3.
[57] *Id.*

would be the appropriate path, as, according to nFusion, it would allow the parties to resolve the discovery issues currently clouding the summary judgment motions, which would then allow this case to be adjudicated on its merits.

Although Walt asks the Court to reopen fact discovery only for itself, it seems appropriate here, given that Walt also did not serve its initial disclosures, to reopen fact discovery for both parties and to allow both parties to try again.[58] Both parties erred in allowing this case to fall through the cracks. However, the Court has an interest in adjudicating cases on the merits rather than on procedural errors, particularly those that appear resolvable. Given the unusual circumstances presented here, the liberal treatment of requests for further discovery, and the parties' agreement on this issue, the Court will defer ruling on the summary judgment motions and reopen fact discovery.

## **ORDER**

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Walt's Motion for Summary Judgment and, Alternatively, for Dismissal (ECF No. 25), and the Court

---

[58] "The Court has discretion whether to reopen discovery." *Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1207 (D. Kan. 2003). There are several factors relevant to whether discovery should be reopened: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Here, neither party demonstrated diligence in obtaining discovery. Additionally, since neither party served initial disclosures, it is difficult to determine whether the need for additional discovery was foreseeable during the discovery period. However, trial has not been scheduled, the request is unopposed, and, as both parties are at fault for the current circumstances of this case, neither party would be unfairly prejudiced. It is also likely that discovery will lead to relevant evidence. Therefore, on balance, the factors weigh in favor of reopening fact discovery.

DENIES WITHOUT PREJUDICE nFusion's Amended Motion for Summary Judgment (ECF No. 28).

IT IS FURTHER ORDERED that fact discovery shall be reopened. Within fourteen (14) days of this Order, the parties shall meet and confer and file with the Court a Stipulated Motion for Amended Scheduling Order setting forth new deadlines for serving initial disclosures, serving written discovery, closing fact discovery, and filing dispositive motions.

IT IS FURTHER ORDERED that the parties shall, upon serving initial disclosures, file with the Court a notice stating that they have served those disclosures.

DATED this 13th day of March 2026.        BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge